PROB 12C
(06/17)

September 23, 2025
pacts id: 7627513

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Samuel Oscar Sanchez (English)   **Dkt. No.:** 21CR02377-001-W

**Reg. No.:** 02031-506

**Name of Sentencing Judicial Officer:** The Honorable Thomas J. Whelan, Senior U.S. District Judge

**Original Offense:** 21 U.S.C. §§ 952 and 960, Importation of Methamphetamine, a Class C felony.

**Date of Revocation Sentence:** August 12, 2024

**Sentence:** 90 days custody, to be followed by 30 months supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Type of Supervision:** Supervised Release   **Date Supervision Commenced:** August 21, 2024

**Asst. U.S. Atty.:** Emma Shinn   **Defense Counsel:** Anthony E. Colombo
(Appointed)
619-236-1704

**Prior Violation History:** Yes. See prior court correspondence.

---

## PETITIONING THE COURT

### TO ISSUE A BENCH WARRANT

RECEIVED
U.S. MARSHALS-S/CA
2025 OCT -3  PM 12:17

PROB12(C)
Name of Offender: Samuel Oscar Sanchez                                         September 23, 2025
Docket No.: 21CR02377-001-W                                                               Page 2

---

The probation officer believes that the offender has violated the following condition(s) of supervision:

| CONDITION(S) | ALLEGATION(S) OF NONCOMPLIANCE |
|---|---|
| **(Mandatory Condition)** The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. Submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter. Testing requirements will not exceed submission of more than four (4) drug tests per month during the term of supervision, unless otherwise ordered by the court. | 1. On February 13, 2025, April 18, 2025, June 17, 2025, July 1, 2025, July 7, 2025, August 20, 2025, August 29, 2025, September 9, 2025 and September 17, 2025, Mr. Sanchez failed to comply with drug testing requirements as instructed by the probation office, in that he failed to submit a urine specimen at the United States Probation Office, as required. |
| **(Standard Condition)** The defendant must follow the instructions of the probation officer related to the conditions of supervision. | |

***Grounds for Revocation:*** As to Allegation 1, the probation office received and reviewed the Chain of Custody forms which confirm that on the above dates, Mr. Sanchez failed to submit a urine sample, as required. On January 23, 2025, the probation office reviewed written instructions for drug testing with Mr. Sanchez and he acknowledged receipt of the instructions with his signature. Specifically, Mr. Sanchez was instructed to call the drug testing line after 8:15 p.m. the day before each drug testing day to hear if he was to report for testing, Monday through Friday, and report for testing when required in the automated testing line recording.

| **(Standard Condition)** The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer. | 2. On or about June 3, 2025, Mr. Sanchez remained outside the federal judicial district without the permission of the probation office or court. |
|---|---|

***Grounds for Revocation:*** As to Allegation 2, on August 30, 2024, the probation office reviewed the conditions of supervision with Mr. Sanchez and advised him that all travel outside the judicial district requires permission and he acknowledged receipt of the instructions with his signature. On May 14, 2025, the offender submitted a travel request. Specifically, he requested to travel to Medford, Oregon, leaving on May 30, 2025, to visit his family, and returning on June 3, 2025. On July 8, 2025, the offender admitted that he had never returned to San Diego, California and he remained in Oregon beyond his approved travel request. He also reported that he was currently in Brookings, Oregon, approximately 125 miles west of Medford, Oregon. He failed to return to San Diego, California from Oregon until July 11, 2025, despite not having permission to be in in Oregon beyond June 2, 2025, and not having permission to travel to Brookings, Oregon.

PROB12(C)
Name of Offender: Samuel Oscar Sanchez  September 23, 2025
Docket No.: 21CR02377-001-W  Page 3

| | |
|---|---|
| **(Standard Condition)**<br>The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer. | 3. On or about September 17, 2025, Mr. Sanchez left the federal judicial district without the permission of the Court. |
| **(Standard Condition)**<br>The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change. | 4. On or about September 17, 2025, Mr. Sanchez failed to report changes to the probation office regarding his living arrangements. |
| **(Standard Condition)**<br>If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours. | 5. On or about September 17, 2025, Mr. Sanchez had contact with Brookings Police Department and failed to notify the probation office within 72 hours, as required. |
| **(Standard Condition)**<br>The defendant must follow the instructions of the probation officer related to the conditions of supervision. | |

***Grounds for Revocation:*** As to Allegations 3, 4, and 5, on August 30, 2024, the probation office reviewed the conditions of supervision with Mr. Sanchez and advised him that that all travel outside the judicial district requires permission and any changes in residential status or any contact with law enforcement must be reported to the probation office and he acknowledged receipt of the instructions with his signature. On August 4, 2025, per Mr. Sanchez's request, the probation office submitted a request to transfer supervision to the District of Oregon so that the offender may move to Brookings, Oregon to be closer to his family. Mr. Sanchez was reminded that he may not travel to or move to Brookings, Oregon without the permission of the probation office.

On September 17, 2025, the probation office was contacted by Brookings Police Department in Brookings, Oregon, who reported that they had contact with the offender, on that date, in the parking lot of a Fred Meyers grocery store. Mr. Sanchez failed to report this law enforcement contact, failed to obtain permission to leave the federal judicial district and failed to report his change in residential status. As of September 3, 2025, the offender has stopped responding to the probation office and his current residential information and whereabouts are unknown.

## VIOLATION SENTENCING SUMMARY

### SUPERVISION ADJUSTMENT

On August 21, 2024, Mr. Sanchez commenced his second term of supervised release after his first term was revoked for drug use, failing to enroll in residential treatment and absconding from supervision. His adjustment to his current supervision is considered poor as he continuously failed to report drug tests, failed to follow the instructions of the probation office, left the federal judicial district without permission, failed to report a change in address, and failed to report law enforcement contact. The offender's attitude towards the conditions of his supervision appears to be less than concerned about the Court's order, as well as the probation office.

### OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Sanchez is a 29-year-old male who last resided in San Diego, California and is unemployed.

Mr. Sanchez reported that his substance abuse history dates to when he was 13 years old and consists of alcohol, cocaine, heroin, fentanyl, oxycodone and marijuana.

Mr. Sanchez's criminal history dates to when he was 16 years old and includes DUI, reckless driving, driving on a suspended license, possession of drug paraphernalia, theft of alcohol and possession of marijuana. Furthermore, he has been the subject of a community supervision with Yakima County District Court, where it appears he has an active warrant for continuously failing to appear for his revocation hearing. Currently, Mr. Sanchez is on supervision for importation of methamphetamine.

### SENTENCING OPTIONS

### CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 months. 18 U.S.C. § 3583(e)(3).

**USSG Provisions:** The allegations (failed to report for drug testing, failed to follow instructions, left the judicial district without permission, failed to report a change in address, and failed to report law enforcement contact ) constitute a Grade C violations. USSG §7B1.1(a)(a)(b), p.s.

Upon a finding of a Grade C violation, the court may (A) revoke supervised release; or (B) extend the term and/or modify the conditions of supervision. USSG §7B1.3(a)(2), p.s.

A Grade C violation with a Criminal History Category II (determined at the time of sentencing) establishes an **imprisonment range of 4 to 10 months.** USSG § 7B1.4, p.s. It is noted that in the case of a Grade C violation, and where the minimum term of imprisonment determined under USSG §7B1.4, p.s., is at least one month but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement... for any portion of the minimum term. USSG §7B1.3(c)(1), p.s.

Since "the original sentence was the result of a downward departure ... an upward departure may be warranted" upon revocation. The court can depart from the available imprisonment range and impose a sentence of up to the statutory maximum of 24 months. USSG §7B1.4, p.s., comment. (n.4), and 18 U.S.C. § 3583(e)(3).

PROB12(C)

Name of Offender: Samuel Oscar Sanchez  
Docket No.: 21CR02377-001-W

September 23, 2025  
Page 5

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of supervised release of any years up to life, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(k), and 21 U.S.C. §§ 841, 960. The court has imposed an aggregate of 90 days custody in this case. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Sanchez demonstrates an unwillingness to comply with the conditions of his supervised release. Mr. Sanchez continuously failed to report for drug testing, failed to follow the instructions of the probation office and failed to report law enforcement contact. Furthermore, Mr. Sanchez is a risk of flight, as he changed his residence without reporting the changes to the probation office, remained outside the federal judicial district without permission, travelled outside the federal judicial district without permission and he absconded from supervision. As such, it is believed the issuance of a warrant is justified to gain his appearance in court to answer to the alleged violations.

PROB12(C)
Name of Offender: Samuel Oscar Sanchez
Docket No.: 21CR02377-001-W

September 23, 2025
Page 6

### RECOMMENDATION/JUSTIFICATION

Mr. Sanchez has demonstrated an inability to successfully abide by all conditions of his supervision. Therefore, it is believed court intervention is needed to help bring the offender back into compliance.

This is the second time Mr. Sanchez appears before Your Honor for a revocation matter. Should the Court sustain the allegations, this officer respectfully recommends supervised release be revoked. Based on the totality of the violation conduct, a mid-range custodial sentence of 6 months is being recommended as a sanction for the violation of the breach of trust with the court. This officer would respectfully request that a term of 24 months of supervised release to be imposed. All the previously ordered special conditions are recommended.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: **September 23, 2025**

Respectfully submitted:
JENNIFER K. WALKER
CHIEF PROBATION OFFICER

by _/s/ MKS/_

Meghan K. Smith
U.S. Probation Officer
(619) 409-5126

Reviewed and approved:

_/s/ Craig Bilinski_

Craig Bilinski
Supervisory U.S. Probation Officer

*mtn*

PROB12CW                                                                                           September 23, 2025

## VIOLATION SENTENCING SUMMARY

1. **Defendant:** Sanchez, Samuel Oscar

2. **Docket No. (Year-Sequence-Defendant No.):** 21CR02377-001-W

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

| Violation(s) | Grade |
|---|---|
| Failed to report for drug testing | C |
| Failed to follow instructions | C |
| Left the judicial district without permission | C |
| Failed to report a change in address | C |
| Failed to report law enforcement contact | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))                [  C  ]
5. **Criminal History Category** (*See* USSG § 7B1.4(a))                      [  II  ]
6. **Range of Imprisonment** (*See* USSG § 7B1.4(a))               [ 4 to 10 months ]

7. **Unsatisfied Conditions of Original Sentence:** List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7B1.3(d)):

    Restitution ($) _____        Community Confinement _____
    Fine($)         _____        Home Detention         _____
    Other           _____        Intermittent Confinement _____

PROB12(C)
Name of Offender: Samuel Oscar Sanchez  September 23, 2025
Docket No.: 21CR02377-001-W  Page 8

## THE COURT ORDERS:

__✓__ AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____  __9/25/25__
The Honorable Thomas J. Whelan  Date
Senior U.S. District Judge